**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0191-23

EXTECH BUILDING
MATERIALS, INC.,

 Plaintiff-Appellant,

v.

E&N CONSTRUCTION INC.,
SHAWN RONEY, ARC NJ,
LLC, TRAVELERS CASUALTY
AND SURETY COMPANY
OF AMERICA, and LIBERTY
MUTUAL INSURANCE
COMPANY,

 Defendants,

and

JOAQUIM G. FERREIRA,

 Defendant-Respondent,

and

ARC NJ, LLC,

 Third-Party Plaintiff,

v.

ELIO FERREIRA,

    Third-Party Defendant.

_____

Argued June 5, 2024 – Decided July 5, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1643-21.

Lisa J. Jurick argued the cause for appellant (Starr, Gern, Davison & Rubin, PC, attorneys; Jonathan J. Lerner and Lisa J. Jurick, on the briefs).

Zachary D. Wellbrock argued the cause for respondent (Anselmi & Carvelli, LLP, attorneys; Zachary D. Wellbrock and Marissa N. Kindberg, on the brief).

PER CURIAM

In this collection case, plaintiff Extech Building Materials, Inc. (Extech) sought sums allegedly due from defendants Joaquim G. Ferreira and Shawn Roney under their purported personal guarantees of payment for approximately $1,016,627.65 in building materials Extech had delivered to defendant E&N Construction, Inc. (E&N). Extech appeals from November 4, 2022 orders: granting Ferreira summary judgment on Extech's claims and Roney dismissal of Extech's complaint based on the court's determination the purported personal

2

guarantees did not bind either Ferreira or Roney because they were included in a document – a credit application and agreement – they had executed on behalf of E&N and they did not otherwise separately execute personal guarantees binding themselves personally; and denying Extech's motion for summary judgment against E&N and Ferreira.[1]  We affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.

I.

We summarize the undisputed facts, viewed most favorably to Extech as the party against which the court entered summary judgment.  See Crisitello v. St. Theresa Sch., 255 N.J. 200, 218 (2023).  Extech is a supplier of building materials.  E&N is a construction company.  In March 2012, Extech executed a two-page form titled "CREDIT APPLICATION AND AGREEMENT" (the credit application), identifying E&N as the "firm" on whose behalf the form had been completed.  The completed form included hand-written information about E&N, including its address, and the names of its bank, attorney, accountant, and accounts payable manager.  The document also included boxes checked to show E&N's preferred mode of "receiv[ing] invoices and statements."

---

[1]  Extech does not appeal from the portion of the November 4, 2022 order denying its motion for summary judgment against Roney.  We therefore affirm the court's order denying Extech's motion for summary judgment against Roney.

At its end, just above a series of signature lines, the credit application included the following numbered paragraphs:

1. I/We authorize you to contact Consumer Credit reporting agencies, all bank, credit and trade references herein to verify our credit standing with them and authorize them to release said information to you.

2. Past due invoices are subject to a two percent Service Charge per month. Buyer agrees that should the late payment charge be deemed by a court of competent jurisdiction to violate any law[,] Buyer's sole remedy against Extech for such violation shall be the application of any late payment charge paid in excess of the maximum rate allowable by law toward the unpaid account balance that remains unpaid.

3. If it becomes necessary to effect collection, I/We agree to pay all costs of collection including actual court costs and attorney fees of twenty five percent.

4. The credit limit may be increased or decreased at the discretion of Extech without written notice and without affecting personal guarantees.

5. Buyer agrees to provide prompt written notice of any change in Buyer's name, address, ownership or form of business entity.

6. IN CONSIDERATION OF EXTECH BUILDING MATERIALS, ITS SUBSIDIARIES OR AFFILIATES EXTENDING CREDIT, WE JOINTLY AND SEVERALLY DO PERSONALLY GUARANTEE UNCONDITIONALLY, AT ALL TIMES, TO EXTECH, ITS SUBSIDIARIES OR AFFILIATES, THE PAYMENT OF INDEBTEDNESS OR BALANCE OF INDEBTEDNESS OF THE WITHIN

A-0191-23

NAMES [sic] FIRM. THIS GUARANTEE SHALL CONTINUE UNTIL [TEN] FULL BUSINESS DAYS AFTER GUARANTOR SENDS A WRITTEN REVOCATION OF THE GUARANTEE TO EXTECH.

Immediately following the foregoing, the credit application included a series of three identical lines, each of which included the following printed language:

PrintName_____ Signature_____ Witness_____
(No Title)

In the document completed in March 2012, Roney's name is printed and his signature is entered on the first line, and Ferreira's name is printed and his signature is entered on the second line. Both lines include what appear to be the signature of the same witness. The third line on the form is not completed; it does not include a printed name or any signatures.

Following execution of the credit application, Extech delivered building materials to E&N and, as alleged by Extech, E&N failed to pay $1,016,627.65 and additional service charges for those materials. Extech filed a complaint seeking a judgment for the amounts allegedly due from E&N.[2] In the complaint, Extech also sought judgment against Ferreira and Roney, alleging they had

---

[2] We refer to Extech's amended complaint, which is dated June 1, 2022.

unconditionally guaranteed E&N's obligations "concurrently with the application for revolving credit."

E&N filed an answer dated June 27, 2022, to the complaint. The answer included cross-claims for indemnification and contribution. Ferreira and Roney filed separate August 19, 2022 answers, each of which included cross-claims for indemnification and requests for allocation of liability. Roney's answer also included a demand for the production of documents to Extech.

Shortly following the filing of defendants' answers to the complaint, and while discovery demands served by the parties remained outstanding and the discovery end date was months away, Extech filed a motion on September 16, 2022, seeking summary judgment against E&N, Ferreira, and Roney. Ferreira filed opposition to the motion and a cross-motion for summary judgment on Extech's claims. Roney filed opposition to Extech's summary judgment motion but did not file a cross-motion for summary judgment or for dismissal of the complaint.

On November 4, 2022, the court heard argument on Extech's motion for summary judgment and Ferreira's cross-motion for summary judgment. In pertinent part, Extech's counsel argued Ferreira and Roney were jointly liable for the sums due from E&N because they had signed the credit application,

6

which counsel argued plainly set forth their personal guarantees of any sums due to Extech for building materials it supplied to E&N.

Counsel for Ferreira argued the putative personal guarantee in the credit application could not be enforced against Ferreira without "fact-finding," but counsel also asserted the personal guarantee could not be enforced as a matter of law because Ferreira had executed the credit application solely on E&N's behalf and Ferreira had not signed a separate agreement binding him to the personal guarantee referenced in the credit application.

Roney's counsel similarly claimed Roney had executed the credit application on E&N's behalf and Roney had not otherwise separately executed the application such that he had assumed the obligation to personally guarantee the sums due from E&N to Extech. Although Roney had not filed a cross-motion for summary judgment on Extech's claims against him, his counsel advised the court at oral argument that Roney joined in Ferreira's summary judgment motion.

In a decision delivered from the bench, the court denied Extech's motion for summary judgment on its claims against E&N. The court found there were "a lot of issues of fact" concerning E&N's liability for the sums claimed due, and that resolution of those issues must await the completion of discovery.

7

The court granted Ferreira's cross-motion for summary judgment, finding that E&N had been the firm identified in the credit application and therefore Ferreira and Roney had only signed and executed the credit application on E&N's behalf. The court determined Ferreira and Roney had not separately signed the application in their personal capacities such that they had agreed to, or were bound by, the personal guarantee otherwise set forth in the application. The court reasoned that "[i]f they wanted to make a personal guarantee, that need[ed] to be separate and distinct[,]" and "a separate and distinct contract" setting forth the guarantee was required to impose liability on Ferreira and Roney as personal guarantors.

The court entered November 4, 2022 orders: denying Extech's motion for summary judgment against E&N, Ferreira, and Roney; granting Ferreira's cross-motion for summary judgment and denying Extech's motion for summary judgment against Ferreira; and dismissing Extech's complaint against Roney and denying Extech's motion for summary judgment against Roney. On a subsequent date, the court entered a default judgment against E&N in the amount of $1,488,208.05. Extech appealed from the court's November 4, 2022 orders.

A-0191-23

## II.

We review a grant or denial of summary judgment de novo, applying the same legal standard as the trial court. Crisitello, 255 N.J. at 218. That standard requires that a court "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "We owe no deference to conclusions of law that flow from established facts." Crisitello, 255 N.J. at 218.

"A dispute of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Gayles by Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 22 (App. Div. 2021) (quoting Grande

v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017)). "Rule 4:46-2(c)'s 'genuine issue [of] material fact' standard mandates that the opposing party do more than 'point[] to any fact in dispute' in order to defeat summary judgment." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (alterations in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)). Insubstantial arguments based on assumptions or speculation are not enough to overcome summary judgment. Brill, 142 N.J. at 529. "'[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome' a motion for summary judgment." Dickson v. Cmty. Bus Lines, Inc., 458 N.J. Super. 522, 533 (App. Div. 2019) (quoting Puder v. Buechel, 183 N.J. 428, 440-41 (2005)).

Extech argues the court erred by granting Ferreira's motion for summary judgment and dismissing the complaint as to Roney, and by denying its motion for summary judgment against Ferreira. Extech claims the court erred as a matter of law by finding Ferreira and Roney were not bound by the personal guarantee included in the credit application that they signed in March 2012. Extech argues the court erred by finding Ferreira and Roney were not bound by the personal guarantee because there was not an agreement separate and distinct from the credit application setting forth the personal guarantees that were otherwise clearly set forth in the credit application. Extech also argues the court

A-0191-23

erred by dismissing the complaint as to Roney because he had not filed a cross-motion for summary judgment or dismissal of Extech's complaint.

It is undisputed that Ferreira and Roney signed the credit application and that they were associated in some manner with E&N at the time.[3] The liability of Ferreira and Roney turned, and turns, on the interpretation of the credit application and whether their execution of the application bound them to the personal guarantee of E&N's obligations included in the application. Ferreira argues the court correctly determined that he and Roney executed the application solely as representatives of E&N. He argues that absent a separate and distinct document executed by them that sets forth the personal guarantee, or their separate execution of the application on a signature line expressly stating it is for the purpose of memorializing their agreement to personally guarantee E&N's obligations, they cannot as a matter of law be held liable as personal guarantors.

A personal guarantee is a "'promise to pay an antecedent debt of another[,]'" Walder, Sondak, Berkeley, & Brogan v. Lipari, 300 N.J. Super. 67,

---

[3] The summary judgment record reflects that Ferreira was the president of E&N and Roney was the manager of E&N when they signed the application. At oral argument on the summary judgment motions, counsel for Extech argued Ferreira and Roney were "employees" of E&N when they signed the credit application. We need not resolve the issue or its impact, if any, on the merits of the parties' positions on the underlying dispute for purposes of our disposition of the issues presented on appeal.

11

79 (App. Div. 1997) (quoting <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 400-01 (Ch. Div. 1993)), accompanied by "a slight benefit to the promisor or a trifling inconvenience to the promise[,]" <u>Great Falls Bank</u>, 263 N.J. Super. at 401.  Under the Statute of Frauds, N.J.S.A. 25:1-1 to -16, personal guarantees must be in writing:

> A promise to be liable for the obligation of another person, in order to be enforceable, shall be in a writing signed by the person assuming the liability or by that person's agent.  The consideration for the promise need not be stated in the writing.
>
> [N.J.S.A. 25:1-15.]

"Generally, a guarantor is a different person from the maker or, if the same person, signs in different capacities when signing as maker and guarantor (e.g., an individual may sign as an officer of a corporate maker and also sign individually as a guarantor of the corporate obligation)." <u>Ligran, Inc. v. Medlawtel</u>, 86 N.J. 583, 589 (1981).  Essentially, "[u]nder a guaranty contract, the guarantor, in a separate contract with the obligee, promises to answer for the primary obligor's debt on the default of the primary obligor." <u>Feigenbaum v. Guaracini</u>, 402 N.J. Super. 7, 18 (App. Div. 2008); <u>see also</u> <u>Great Falls Bank</u>, 263 N.J. Super. at 398 n.5 ("A guaranty is a separate and independent contract. The guarantor is not a party to the contract between the principal obligor and the

A-0191-23

guarantee, and the principal obligor is not a necessary party to the contract of guaranty.")  And, where a guarantee exists, and a demand upon the debt covered by the guarantee is not paid, the party to whom the guaranty was made may sue to collect on it.  U.S. Rubber Co. v. Champs Tires, Inc., 73 N.J. Super. 364, 373 (App. Div. 1962).

The interpretation of a contract is an issue of law that we review de novo, Accounteks.Net, Inc. v. CKR L., LLP, 475 N.J. Super. 493, 504 (App. Div. 2023), and an agreement to provide a guarantee is governed by the same rules of construction as any other contract, Ctr. 48 Ltd. P'ship v. May Dep't Stores Co., 355 N.J. Super. 390, 405 (App. Div. 2002).  "Courts are generally obligated to enforce contracts based on the intent of the parties, the express terms of the contract, surrounding circumstances and the underlying purpose of the contract."  Caruso v. Ravenswood Devs., Inc., 337 N.J. Super. 499, 506 (App. Div. 2001).

The benchmark for a court's interpretation of a contract "is the parties' shared intent in reaching the agreement."  Accounteks.Net, Inc., 475 N.J. Super. at 504.  The court must "consider the agreement's terms 'in the context of the circumstances under which it was written,' 'accord to the language a rational meaning in keeping with the expressed general purpose[,]' and apply the

agreement accordingly."  Ibid. (alteration in original) (quoting Conway v. 287 Corp. Ctr. Assocs., 187 N.J. 259, 269 (2006)).

"[W]here the terms of a contract are clear and unambiguous[,] there is no room for interpretation or construction and the courts must enforce those terms as written."  Karl's Sales & Serv., Inc. v. Gimbel Bros., Inc., 249 N.J. Super. 487, 493 (App. Div. 1991).  However,

> when in the context of the document itself and the transaction to which it pertains the terminology employed . . . actually is not free from doubt as to its meaning, the party is permitted to introduce proof of extrinsic circumstances bearing on the alleged proper interpretation of the language used.
>
> [Schor v. FMS Financial Corp., 357 N.J. Super. 185, 192 (App. Div. 2002).]

"The construction of a written contract is usually a legal question for the court, but where there is uncertainty, ambiguity or the need for parol evidence in aid of interpretation, then the doubtful provision should be left to the jury."  Id. at 193 (quoting Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 502 (App. Div. 2000)); see also Bosshard v. Hackensack Univ. Med. Ctr., 345 N.J. Super. 78, 92 (App. Div. 2001) ("The interpretation of the terms of a contract are decided by the court as a matter of law unless the meaning is both unclear and dependent on conflicting testimony.").

A-0191-23

Based on our review of the summary judgment record, we are persuaded the credit application is ambiguous in that it does not clearly define the capacity in which Ferreira and Roney executed the document. Extech's form credit application expresses contractual obligations for what it refers to as the "Buyer" in the first five numbered paragraphs of the document and also sets forth separate contractual obligations of putative personal guarantors in the sixth numbered paragraph, but the form signature lines do not require that a person executing the application indicate whether they are signing as representatives of the "Buyer"—here, presumptively E&N—or as the personal guarantors. And the signature lines on Extech's form credit application curiously direct that a person signing the application not provide his or her "title" that might otherwise be included by someone intent on making clear—by stating they are signing in the capacity as a titled representative of the Buyer—that they have executed the application on the Buyer's behalf.

The court granted Ferreira summary judgment and dismissed the complaint against Roney based on a finding they had signed the application solely in their capacities as E&N representatives and therefore on behalf of E&N and not as personal guarantors. We find no support in the summary judgment record for that conclusion, and the ambiguity in the signature lines and format

15

of Extech's form application does not permit that determination as a matter of fact or law. The signature lines follow a set of contractual obligations for both the Buyer and putative guarantors, so there was no definitive basis on which the court could correctly conclude Ferreira and Roney executed the application as either their acceptance of the terms on behalf of E&N or as personal guarantors. The ambiguity in the signature lines of the application and determining whether Ferreira or Roney executed the application as personal guarantors or strictly on behalf of E&N, requires the resolution of factual issues that are dependent on further discovery and, if necessary, disposition by a jury. The court erred by concluding otherwise.

We are not persuaded by Ferreira's claims, which are primarily supported by citations to unpublished cases, that Ferreira's single signature on the credit application precludes a finding he agreed to personally guarantee E&N's obligations as set forth in the application's numbered paragraph six.[4] There is

---

[4] Unpublished opinions do not "constitute precedent" and are "not binding upon any court." R. 1:36-3; see also Guido v. Duane Morris LLP, 202 N.J. 79, 91 n.4 (2010) ("reject[ing] the use of unpublished decisions as precedent"). We therefore decline to address Ferreira's arguments that are based on unpublished opinions, see Sciarrotta v. Global Spectrum, 194 N.J. 345, 353 n.5 (2008) (declining to address an "argument based on [an] unpublished opinion"), and rely instead on our well-established principles governing the interpretation of

A-0191-23

no such brightline requirement and, in our view, whether Ferreira or Roney are deemed to be personal guarantors based on their execution of the credit application shall be based on the facts and evidence presented and the application of general contract principles to give effect to the parties' intentions. See, e.g., Caruso, 337 N.J. Super. at 506.

In sum, we affirm the court's order denying Extech's motion for summary judgment against E&N, Ferreira, and Roney, and we reverse the court's orders granting Ferreira summary judgment and dismissing Extech's complaint against Roney. Our disposition of the issues on appeal shall not be interpreted as constituting binding findings of fact or expressions of any opinion on the merits of the parties' claims and defenses. We decide only that the summary judgment record did not permit a disposition of those claims and defenses as a matter of law at this juncture of the trial court proceedings.

Because we have determined the court erred by dismissing Extech's complaint as to Roney on the merits, it is unnecessary to consider Extech's argument the court erred by dismissing the claims against Roney because he did not cross-move for summary judgment or otherwise move for dismissal of the

---

contracts to determine and give effect to the intention of the parties to a putative contract for a personal guarantee.

A-0191-23

complaint. To the extent we have not expressly addressed any arguments presented by the parties, we note that we have considered the arguments and determined they are not of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0191-23